UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RENEE MESSIER,<br><br>          Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | 3:10 - CV - 977  (CSH)<br><br><br><br>September 19, 2012 |

## MEMORANDUM AND SCHEDULING ORDER FOR TRIAL

**HAIGHT, Senior District Judge:**

     This admiralty action arises out of a collision on July 2, 2008 in Block Island/Rhode Island Sound between the United States Coast Guard Cutter *Morro Bay* and a commercial ferry vessel. At the time of the collision, the ferry was en route from Point Judith, Rhode Island to Block Island, Rhode Island.  Plaintiff Renee Messier, a passenger on the ferry, claims that she was injured as a result of the collision.  She commenced this action against the United States as owner of the Coast Guard cutter [Docket No. 10-cv-977], and a separate action against Interstate Navigation Company, Inc., the owner of the ferry [Docket No. 10-cv-182].The Court consolidated these two cases for all purposes in an order dated December 15, 2010 [Doc. 12].  Private counsel for Plaintiff and Interstate Navigation Company maintain their practices in Hartford, Connecticut.  Trial counsel for the United States are based in the Department of Justice in Washington, D.C.

     On December 17, 2010, counsel for the parties submitted a Fed. R. Civ. P. Rule 26(f) Report on the status of the case.  The Court referred this non-jury action to Magistrate Judge Joan G.

Margolis to conduct a conference with a view toward possible settlement. Judge Margolis met and communicated with counsel on a number of occasions. She now reports that settlement cannot be achieved. Thereafter, counsel communicated with my chambers to request that a trial date be set.

The Court conducted a telephone conference with all counsel of record on September 19, 2012. Counsel advised that there is some prospect of the parties' agreeing upon issues of liability for the collision: Was each vessel at fault? And if both vessels were at fault, how should the total fault be apportioned between them?[1] If such agreement is reached, the plenary trial will be confined to issues concerning the Plaintiff's recoverable damages. Absent such agreement, the Court will determine questions of liability and damages.

In accordance with the colloquy between Court and counsel during the conference, the Court makes the following directions for the management of the case:

1. The case will be called for trial at 10:00 a.m. on Monday, February 4, 2013, in the courtroom on the 17th Floor of 157 Church Street, New Haven, Connecticut.

2. Trial will continue on consecutive days until the evidence is concluded and all parties rest. It is anticipated that the trial can be completed on or before the end of Friday, February 8, 2013. Counsel should regard themselves as bound to appear in this Court for trial during those days, and during the week of February 11, 2013, if the trial has not concluded before that time. The length of trial will depend upon whether or not liability issues are agreed to by the parties.

3. If the parties agree to liability issues, that agreement should be set forth specifically in

---

[1] The manner in which liability questions are posed in text reflects the general maritime law's traditional concept of a ship as an offending *res* whose actions may cause or contribute to a casualty, thereby resulting in liability *in rem*. The less fanciful world recognizes, of course, that it is the human errors or omissions of a vessel's officers, crew or owners that cause her to misbehave.

a Stipulation signed by counsel and submitted to the Court for endorsement as an Order and thereafter filed in the case.

    4.  Not later than January 28, 2013, the parties are directed to file with the Court a Joint Trial Memorandum, prepared in a manner consistent with the Instructions attached to this Order.  Counsel's attention is drawn to further Orders of the Court contained in those Instructions, set forth in bold face.  The Instructions call for a Final Pretrial Conference, subsequent to the filing of the Joint Trial Memorandum, to be attended by all trial counsel.  The Court will attempt to conduct that conference by telephone, or waive it entirely, depending upon the contents of the Joint Trial Memorandum.

    The foregoing is SO ORDERED.

    Dated: New Haven, Connecticut
           September 19, 2012

                                       /s/Charles S. Haight, Jr.
                                       Charles S. Haight, Jr.
                                       Senior United States District Judge